UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL H. PADILLA,<br><br>  Plaintiff,<br><br>  v.<br><br>LUMPKIN, DIRECTOR OF TEXAS PRISON SYSTEM, et al.,<br><br>  Defendants. | Case No. 24-cv-04022-JSW<br><br>**ORDER OF TRANSFER** |

Plaintiff, a prisoner incarcerated in Palestine, Texas, proceeding pro se, filed this civil rights action. Defendants are located in Dallas County, Texas, where the events giving rise to his complaint took place.

When, as here, jurisdiction is not founded on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Where a case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice." 28 U.S.C. § 1406(a).

Plaintiff's allegations arise out of events occurring in Dallas, Texas, where the Defendants are located. Dallas County lies within the venue of the United States District Court for the Northern District of Texas. *See* 28 U.S.C. § 124.

Accordingly, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this case is TRANSFERRED to the United States District Court for the Northern District of Texas.

1     The Clerk of the Court shall transfer this matter forthwith.

2     **IT IS SO ORDERED.**

3  Dated: July 25, 2024

_____
JEFFREY S. WHITE
United States District Judge