UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL H. PADILLA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LUMPKIN, DIRECTOR OF TEXAS PRISON SYSTEM, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-04022-JSW<br><br>**ORDER DENYING RECONSIDERATION**<br><br>Re: Dkt. No. 6 |

This pro se civil case was transferred to the United States District Court for the Northern District of Texas. He has filed a motion objecting to the transfer, which the Court has construed as a motion for reconsideration of the transfer order.

Where the court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. See Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In the Northern District of California, no motion for reconsideration may be brought without leave of court. See Civil L.R. 7-9(a). Under Civil Local Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the

emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order.  *See* Civil L.R. 7-9(b).

Plaintiff asserts there is a "conspiracy" between the federal courts and the Texas state courts to "doctor[]" his arrest record to indicate he had been arrested on marijuana charges at age 18 instead of age 17.  These allegations are not relevant to the venue and personal jurisdiction considerations underlying the transfer order, nor do they warrant reconsideration.  Plaintiff also asserts "a civil action may be filed in any U.S. District Court."  As explained in the transfer order, however, the district court in which a civil action may be filed is circumscribed by the venue provisions in 28 U.S.C. § 1391(b).

A Plaintiff has not shown grounds for reconsideration under Rule 54 or Civil Local Rule 7-9, his motion is DENIED.

**IT IS SO ORDERED.**

Dated: September 4, 2024

_____
JEFFREY S. WHITE
United States District Judge